UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
NOV 25 2015
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| | |
|---|---|
| DENNIS HENRY and KAREN HENRY, Husband and Wife, | ) ) ) |
| Plaintiffs | ) ) ) |
| vs. | ) Case No. 15-5288 TLB ) |
| UNITED STATES OF AMERICA RONALD MULLIS, M.D., and WILLIAM R. MCNAIR, M.D. | ) ) ) |

## COMPLAINT

PLAINTIFFS STATE:

1. This claim against the United States of America is brought pursuant to the Federal Tort Claims Act.

2. Plaintiff Dennis Henry is a citizen of the United States who resides in Benton County, Arkansas within the Fayetteville Division of the U.S. District Court for the Western District of Arkansas.

3. At all times herein concerned Karen Henry is and was the lawfully wedded wife of Plaintiff Dennis Henry.

4. Defendant Ronald Mullis, M.D. is a physician who at all times herein concerned was practicing at the Veterans Administration Hospital in Fayetteville, Arkansas.

5. Either Ronald Mullis, M.D. was an employee of the Veteran's Administration (or Department of Veterans Affairs) at the time he provided care and treatment to

1

Plaintiff Dennis Henry, in which event the claims arising from Dr. Mullis' negligence are covered by the Federal Tort Claims Act, or alternatively Ronald Mullis, M.D. was not an employee of the Veteran's Administration (or Department of Veterans Affairs) at the time he provided care and treatment to Plaintiff Dennis Henry, in which the claims against Dr. Mullis are not covered by the Federal Tort Claims Act and the claims against Defendant Ronald Mullis, M.D. are within the jurisdiction of this Court under its Supplemental Jurisdiction, as is more fully set out below.

6. At all times herein concerned Defendant William R. McNair, M.D. practiced at the Veterans Administration Hospital in Fayetteville, Arkansas.

7. Either William R. McNair, M.D. was an employee of the Veteran's Administration (or Department of Veterans Affairs) at the time he provided care and treatment to Plaintiff Dennis Henry, in which event claims arising from Dr. Mullis' negligence are covered by the Federal Tort Claims Act, or alternatively William R. McNair, M.D. was not an employee of the Veterans Administration at the time he provided care and treatment to Plaintiffs Dennis Henry, and the claims against Defendant William R. McNair, M.D. are within the jurisdiction of this Court under its Supplemental Jurisdiction, as is more fully set out below.

8. Jurisdiction of the claims against the United States of America lies with this Court pursuant to 28 U.S.C. § 1346(b)(1).

9. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1402(a)(1) in that the plaintiffs reside within the Western District of Arkansas.

10. Jurisdiction of the claims against Ronald Mullis, M.D. lies with this Court pursuant to the Supplement Jurisdiction Statute, 28 U.S.C. § 1367(a) in that the claims against

both Ronald Mullis, M.D. and the United States of America are based upon negligent medical care of Plaintiff Dennis Henry rendered at the Veterans Administration Hospital in Fayetteville, Arkansas, and in the event defendant Ronald Mullis, M.D. was not an employee of the Veterans Administration (or Department of Veterans Affairs) acting within the scope of his office or employment while treating plaintiffs then said defendant is jointly and severally liable to plaintiffs with the United States of America. Therefore the claims against both the United States of America and Ronald Mullis, M.D. arise from the same case or controversy and this Court has supplemental jurisdiction over the claims against defendant Ronald Mullis, M.D.

11. Jurisdiction of the claims against William R. McNair, M.D. lies with this Court pursuant to the Supplement Jurisdiction Statute, 28 U.S.C. § 1367(a) in that the claims against both William R. McNair, M.D. and the United States of America are based upon negligent medical care of Plaintiff Dennis Henry rendered at the Veterans Administration Hospital in Fayetteville, Arkansas, and in the event defendant William R. McNair, M.D. was not an employee of the Veterans Administration (or Department of Veterans Affairs) acting within the scope of his office or employment while treating plaintiffs then said defendant is jointly and severally liable to plaintiffs with the United States of America. Therefore the claims against both the United States of America and William R. McNair, M.D. arise from the same case or controversy and this Court has supplemental jurisdiction over the claims against defendant William R. McNair, M.D.

12. This claim was filed administratively with the Veteran's Administration (Department of Veterans Affairs) on or about April 27, 2015, being within two years of the accrual

of plaintiffs' cause of action, and the claim was administratively denied on or about October 22, 2015. This Complaint is filed less than six months after the claim was administratively denied, and therefore this Complaint is timely filed.

13. Plaintiff Dennis Henry is entitled to receive medical care from the Veterans Administration by reason of his prior military service.

14. On or about December 3, 2013, Plaintiff Dennis Henry presented to the Veterans Administration Hospital in Fayetteville, Arkansas, where he was diagnosed with possible small bowel obstruction. Defendant Ronald Mullis, M.D. was assigned to Plaintiff's care, and took Plaintiff to surgery for a laparotomy, or open abdominal surgery, with small bowel resection with primary anastomosis.

15. During the surgery Defendant Ronald Mullis, M.D. incised mesh which had been previously implanted into Plaintiff's abdomen.

16. Defendant Ronald Mullis, M.D. chose to close the anastomosis with a GIA stapling device.

17. Defendant Ronald Mullis, M.D. further chose to close the skin incision with staples.

18. Plaintiff Dennis Henry was transferred after surgery to postoperative care in the PACU. While there the nursing staff reapplied Plaintiff's abdominal binder after which Plaintiff had what the nurse described as "dry heaves" which resulted in the abdominal wound dehiscing or opening allowing Plaintiff's intestines to spill outward. The nursing staff further observed stool leaking from that location.

19. Plaintiff was then taken back to surgery where Defendant William R. McNair, M.D. with Ronald Mullis, M.D., assisting (or alternatively Ronald Mullis, M.D., with William R. McNair, assisting, the records reflect both situations), re-entered

Plaintiff's abdomen. The surgical report states "There were 2 enterotomies that were noted that due to the laceration from the skin staple." In other words, two holes had been ripped into the intestines by skin staples which had torn lose.

20. This second surgical report further reflected that intestinal content had spilled into the peritoneal cavity.

21. On December 5, 2013 Jerry R. Kelley, M.D., Chief of the Surgical Service wrote "I talked with Mrs. Henry this morning prior to transfer. I explained that I had reviewed the case and feel that the dehissiance (sic) was not unexpected due to his body mass."

22. Defendant Ronald Mullis, M.D. had used metal staples to close Plaintiff's abdomen when the subsequent dehiscing or opening of the abdominal wound was reasonably foreseeable.

23. After the two surgeries Plaintiff went on to develop peritonitis, sepsis, septic shock, multiorgan failure including respiratory failure, cardiovascular failure, kidney failure, and liver failure.

24. The injuries and damages of plaintiffs were the direct and proximate result of the negligence, faults and omissions of the agents, officers and employees of defendant United States of America acting through its agency the Veterans Administration in one, more or all of the following particulars, to wit:

   a. Said agents, officers and employees used metal staples to secure Plaintiff Dennis Henry's abdomen;

   b. Said agents, officers and employees did not adequately supervise the closure of Plaintiff's abdomen;

c. Said agents, officers and employees did not timely recognize the reasonable likelihood that Plaintiff Dennis Henry's abdomen would dehisce or open after the first surgery;

d. Said agents, officers and employees did not timely recognize that the staples used to close the abdomen would, upon the surgical wound dehiscing, be sharp cutting instruments which would slice the intestines exiting through the abdominal wound;

e. Said agents, officers and employees did not timely discontinue Toradol, or ketorolac;

f. Said agents, officers and employees did not timely administer sufficient antiemetics;

g. Said agents, officers and employees did not adequately bind Plaintiff's abdomen;

h. Said agents, officers and employees did not properly position the binder upon Plaintiff's abdomen;

i. Said agents, officers and employees did not adequately secure Plaintiff's abdomen;

j. Said agents, officers and employees did not adequately clean the peritoneal cavity after the spillage of intestinal contents therein;

k. Said agents, officers and employees did not order adequate antibiotics to prevent peritonitis;

l. Said agents, officers and employees did not timely order an infectious disease consultation;

    m. Said agents, officers and employees did not timely recognize the peritonitis;

    n. Said agents, officers and employees did not timely or adequately treat the peritonitis

    o. Said agents, officers and employees were negligent in such other and further ways as may be ascertained during discovery.

25. In the event that Defendants Ronald Mullis, M.D. or William R. McNair, M.D. were not agents, officers or employees of the United States of America or its agency the Veterans Administration, then said Defendants were negligent, individually or jointly, in one, more, or all of the following particulars, to wit:

    a. Said defendant(s) used metal staples to secure Plaintiff Dennis Henry's abdomen;

    b. Said defendant(s) did not adequately supervise the closure of Plaintiff Dennis Henry's abdomen;

    c. Said defendant(s) did not timely recognize the reasonable likelihood that Plaintiff Dennis Henry's abdomen would dehisce or open after the first surgery;

    d. Said defendant(s) did not timely recognize that the staples used to close the abdomen would, upon the surgical wound dehiscing, be sharp cutting instruments which would slice the intestines exiting through the abdominal wound;

    e. Said defendant(s) did not timely discontinue Toradol, or ketorolac;

    f. Said defendant(s) did not timely administer sufficient antiemetics;

    g. Said defendant(s) did not adequately bind Plaintiff's abdomen;

h. Said defendant(s) did not properly position the binder upon Plaintiff's abdomen;

i. Said defendant(s) did not adequately secure Plaintiff's abdomen;

j. Said defendant(s) did not adequately clean the peritoneal cavity after the spillage of intestinal contents therein;

k. Said defendant(s) did not order adequate antibiotics to prevent peritonitis;

l. Said defendant(s) did not timely order an infectious disease consultation;

m. Said defendant(s) did not timely recognize the peritonitis;

n. Said defendant(s) did not timely or adequately treat the peritonitis

o. Said defendant(s) were negligent in such other and further ways as may be ascertained during discovery.

26. The aforesaid negligence of the agents, officers and employees of the United States of America, and of defendants Ronald Mullis, M.D. and William R. McNair, M.D., jointly and severally, directly caused or directly contributed to cause Plaintiff Dennis Henry to develop peritonitis, sepsis, septic shock, multiorgan failure including respiratory failure, cardiovascular failure, kidney failure, and liver failure. Plaintiff Dennis Henry was caused to endure lengthy, painful, and difficult hospitalization and other care and treatment including dialysis. Plaintiff Dennis Henry has also sustained permanent injury to various organs including his heart, kidneys, and other vital organs. Plaintiff Dennis Henry has further sustained a permanent loss of income and impairment of earning capacity. Plaintiff Dennis Henry has furthermore suffered a decreased level of activity and enjoyment of life.

27. The aforesaid negligence of the agents, officers and employees of the United States of American, and of defendants Ronald Mullis, M.D. and William R. McNair, M.D., jointly and severally, and the resulting injuries and harm to Dennis Henry, has directly caused or directly contributed to cause Plaintiff Karen Henry to lose the care, support and consortium of her husband Dennis Henry

WHEREFORE, Plaintiff Dennis Henry prays the Judgement of the Court against the defendants, and each of them, jointly and severally, in the sum of Five Million Dollars ($5,000,000.00) or alternatively if relief for a specific sum is not allowed then for such sum as is fair and reasonable; and Plaintiff Karen Henry further prays judgment against the defendants, and each of them, jointly and severally, in the sum of Two Million Dollars or alternatively if relief for a specific sum is not allowed then for such sum as is fair and reasonable.  Plaintiffs further pray for their costs.

Respectfully submitted,

JOHNSON, VORHEES & MARTUCCI

_/s/ Cephus Richard_

Cephus Richard, III AR Bar #2007074
JOHNSON, VORHEES & MARTUCCI
2525 Market St., Suite 200
Rogers, AR 72758
Telephone:  479-271-8585
Facsimile:  479-271-8589
E-mail:  cephus@4stateslaw.com
***ATTORNEYS FOR PLAINTIFF***

**JURY TRIAL DEMANDED AS TO DEFENDANTS MULLIS AND MCNAIR**