IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DENNIS HENRY and KAREN HENRY,
Husband and Wife                                                                                    PLAINTIFFS

V.                              CASE NO. 5:15-CV-5288

UNITED STATES OF AMERICA and
RONALD MULLIS, M.D.                                                                                 DEFENDANTS

and

DENNIS HENRY and KAREN HENRY,
Husband and Wife                                                                                    PLAINTIFFS

V.                              CASE NO. 5:16-CV-5051

UNITED STATES OF AMERICA and
RONALD MULLIS, M.D.                                                                                 DEFENDANTS

and

KAREN HENRY                                                                                         PLAINTIFF

V.                              CASE NO. 5:16-CV-5098

UNITED STATES OF AMERICA and
RONALD MULLIS, M.D.                                                                                 DEFENDANTS

**OPINION AND ORDER**

Currently before the Court in *Henry et al. v. United States et al.*, Case No. 5:15-cv-5288 ("*Henry I*") are:

- Plaintiffs Dennis and Karen Henry's Motion to Consolidate Actions (Doc. 27) and Defendant United States's Response (Doc. 28); and

1

- the Court's Show Cause Order (Doc. 19), Plaintiffs' Response (Doc. 23), Defendant United States' Reply (Doc. 24), and Plaintiffs' Sur-reply (Doc. 26).

Also currently before the Court in *Henry et al. v. United States et al.*, Case No. 5:16-cv-5051 ("*Henry II*") are:

- Defendant United States' Motion to Dismiss Party (Doc. 15) and Brief in Support (Doc. 16), and Plaintiffs Dennis and Karen Henry's Response (Doc. 18); and

- Plaintiffs' Motion to Consolidate (Doc. 19) and Brief in Support (Doc. 20), and Defendant United States' Response (Doc. 21).

Finally, before the Court in *Henry v. United States et al.*, Case No. 5:16-cv-5098 ("*Henry III*") is:

- Plaintiff Karen Henry's Motion to Consolidate Actions (Doc. 3).

As explained in greater detail below, the Court will resolve all of these pending matters by permitting Mr. and Mrs. Henry to proceed in one consolidated action on all claims that they have lodged in these three lawsuits, provided that they comply with the pleading requirements set forth in this Order. A corollary of this ruling is that all of Mr. and Mrs. Henry's pending Motions in these lawsuits are **GRANTED**, and the United States' pending Motion in *Henry II* is **DENIED**.

## I. BACKGROUND

Mr. and Mrs. Henry allege that around December 3, 2013, Mr. Henry underwent abdominal surgery at the Veterans Administration Hospital in Fayetteville, Arkansas, and that metal staples were used to secure his abdomen following the procedure. They further allege that after Mr. Henry was transferred to postoperative care, he experienced dry heaves, causing his abdominal wound to open and his intestines to spill outward, being

punctured by his skin staples, and spilling their contents into his peritoneal cavity. Mr. Henry then underwent a second surgery, after which he "went on to develop peritonitis, sepsis, septic shock, multiorgan failure including respiratory failure, cardiovascular failure, kidney failure, and liver failure." *Henry I*, Doc. 1, ¶ 22. The Henrys allege that the two doctors who performed these operations were negligent, causing the Henrys to suffer compensable damages, with Mrs. Henry's claim being for loss of services and consortium.

Mr. Henry filed an administrative claim regarding these events with the United States Department of Veterans Affairs ("VA") on or about April 27, 2015, and the VA denied his claim on or about October 22, 2015. Roughly a month later, on November 25, 2015, Mrs. Henry filed a separate administrative claim with the VA, which was still pending three months later on February 25, 2016, when the Henrys simultaneously filed *Henry I* in this Court and *Henry II* in the Washington County Circuit Court. The complaints in those two lawsuits were essentially identical, but were filed in separate forums because federal jurisdiction might be lacking if both defendant doctors were independent contractors rather than employees of the VA. As it turns out, however, while one doctor (Dr. Ronald Mullis) was an independent contractor, the other (Dr. William McNair) was an employee; accordingly, the United States substituted itself as a party for Dr. McNair in each case, and removed *Henry II* to this Court. The VA finally denied Mrs. Henry's separate administrative claim on April 5, 2016. A month later, on May 6, 2016, Mrs. Henry filed *Henry III* in this Court, asserting the same claims against the United States and Dr. Mullis that she asserted in *Henry I* and *Henry II*.

## II. DISCUSSION

The Henrys are asking this Court to consolidate all three lawsuits into one action and to permit the Henrys to proceed in the consolidated action on all of their claims against both defendants. Dr. Mullis has not expressed any opposition to the Henrys' request. The United States, however, does oppose the Henrys' request, at least with regard to the consolidation of *Henry I* and *Henry II*, and asks this Court instead to dismiss both Henrys' claims against the United States in *Henry II* as duplicative, and to dismiss Mrs. Henry's claim against the United States in *Henry I* for having been filed prior to exhausting her administrative remedies. The United States argues that consolidation rather than dismissal would frustrate judicial economy because "[w]hen two cases are merged for the purpose of convenience and not formally merged, they retain their individual identity," *see Henry II*, Doc. 21, ¶ 7 (citing *Tri-State Hotels, Inc. v. F.D.I.C.*, 79 F.3d 707, 711–12 (8th Cir. 1996)), thus imposing an unnecessary burden on the United States to file a duplicative answer in *Henry II*. The Court disagrees. The interest of judicial economy can easily (and best) be served simply by consolidating these cases in a manner such that they are "formally merged for all purposes," *Tri-State Hotels*, 79 F.3d at 711, preventing the separate lawsuits from retaining their individual identities, and allowing the pleadings that have already been filed in *Henry I* (and any subsequent amendments thereto) to control as to all consolidated actions. *See* Fed. R. Civ. P. 42(a).

Notwithstanding its opposition to the consolidation of *Henry I* and *Henry II*, the United States apparently refrains at this time from taking any position on the Henrys' request with regard to *Henry III*, because it has not yet been served with the Complaint in that case. *See Henry II*, Doc. 21, ¶ 13. Rather, the United States maintains that "[n]o

action should be taken in [*Henry III*] until the United States is properly served with summons, it files its Answer to the Complaint, and responds to the Motion to Consolidate filed in that case." *Id.* The Court sees no reason why duplicative filings in *Henry III* would be any less frustrating to judicial economy than duplicative filings in *Henry II* would be. Since it is plain from the face of the *Henry III* Complaint and Motion that Ms. Henry's claims in *Henry III* are identical to her claims in *Henry I* and *Henry II*, and since all of the parties have already made perfectly clear what their respective positions are with regard to consolidating the same claims in *Henry I* and *Henry II*, the Court sees no reason to delay decision any further on *Henry III*. *Henry III* will be consolidated with *Henry I* in the same manner as *Henry II*.

The Court turns now to the question of whether Mrs. Henry's claim for loss of services and consortium must be dismissed for failure to exhaust administrative remedies. As this Court observed in its Show Cause Order (Doc. 19), "[t]he [Federal Tort Claims Act] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "[28 U.S.C.] Section 2675 clearly makes the filing of an administrative claim a mandatory condition precedent to the filing of civil action against the United States for damages arising from the negligent act or omission of any Government employee acting within the scope of his employment." *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir. 1974) (internal citations omitted). Moreover, "[f]ederal courts have held that where a spousal consortium claim is an independent claim under state law, the noninjured spouse must file an administrative claim as a prerequisite to pursuing the consortium claim under the FTCA, and the mere listing of a spouse on the injured party's own administrative claim

form does not suffice." *Swizdor v. United States*, 581 F. Supp. 10, 12 (S.D. Iowa 1983) (collecting cases).

In the face of this precedent, the Henrys conceded in their March 11, 2016 Response to the Court's Show Cause Order that since the VA had not yet denied Mrs. Henry's administrative claim, "[t]he claim of Karen Henry can be dismissed without prejudice." *Henry I*, Doc. 23, p. 4. However, as noted above, the VA finally denied Mrs. Henry's administrative claim a little under a month later, on April 5, 2016. Accordingly, it would now appear to the Court that the concerns expressed in its Show Cause Order might be mooted by the filing of a consolidated amended complaint that pleads sufficient facts to show that all administrative requirements for the claims brought therein have now been fully satisfied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

- Plaintiffs Dennis and Karen Henry's Motion to Consolidate Actions (Doc. 27) in *Henry et al. v. United States et al.*, Case No. 5:15-cv-5288, is **GRANTED**;

- Defendant United States' Motion to Dismiss Party (Doc. 15) in *Henry et al. v. United States et al.*, Case No. 5:16-cv-5051, is **DENIED**;

- Plaintiffs Dennis and Karen Henry's Motion to Consolidate (Doc. 19) in *Henry et al. v. United States et al.*, Case No. 5:16-cv-5051, is **GRANTED**; and

- Plaintiff Karen Henry's Motion to Consolidate Actions (Doc. 3) in *Henry v. United States et al.*, Case No. 5:16-cv-5098, is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned actions are hereby consolidated for all purposes under Case No. 5:15-cv-5288, and the consolidated action shall bear the following caption:

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**DENNIS HENRY and KAREN HENRY,**
**Husband and Wife**                                                                                **PLAINTIFFS**

**V.**                                       **CASE NO. 5:15-CV-5288**

**UNITED STATES OF AMERICA and**
**RONALD MULLIS, M.D.**                                                                           **DEFENDANTS**

Defendants shall not be required to respond to the pending complaints in Case Nos. 5:16-cv-5051 and 5:16-cv-5098.

**IT IS FURTHER ORDERED** that Plaintiffs shall file and serve a consolidated amended complaint within **fourteen (14) days from the date of this Order**, pleading sufficient facts to show that Plaintiffs have exhausted their administrative remedies for all claims brought therein. If Plaintiffs fail to file their consolidated amended complaint within the time required, then Mrs. Henry's claims will be dismissed without prejudice for failure to exhaust her administrative remedies. Defendants shall have the usual time permitted under the Federal Rules of Civil Procedure to respond to Plaintiffs' consolidated amended complaint. The Case Management Order (Doc. 20) that was entered in Case No. 5:15-cv-5288 on February 23, 2016, shall govern the consolidated action and remains in effect as to all deadlines, hearings, and other requirements set forth therein.

**IT IS SO ORDERED** on this 24th day of June, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE